LYONS, Justice
(concurring specially).
I concur fully in the main opinion. I write specially to offer an alternative basis on which to reject the availability of the doctrine of collateral estoppel even if, contrary to the holding in the main opinion, our grant of certiorari review and reversal on the sole issue of timeliness of the notice in Ex parte Keelboat Concepts, Inc., 988 So.2d 922, 932 (Ala.2005), had not vacated all aspects of the judgment below, including the trial court’s separate holding as to the effect of the nonpayment of the renewal fee.
The trial court in Keelboat’s declaratory-judgment action rejected Keelboat’s contention that C.O.W.’s notice of renewal was ineffective because C.O.W. did not pay 50% of a franchise-renewal fee allegedly due simultaneously with its notice of renewal. In the subsequent legal-malpractice action, the legal-service providers assert the defense that the default of the franchisee in payment of the renewal fee precludes renewal. C.O.W. asserts the doctrine of collateral estoppel on that issue based on the trial court’s rejection of that contention in the declaratory-judgment action.
In Ex parte Keelboat Concepts, Inc., 938 So.2d at 932, this Court concluded:
“Bonner and C.O.W., Inc., did not effectively renew the franchise agreement because time was of the essence of the option contract and the renewal notice ivas not timely; thus, the trial court erred in ruling that Bonner’s late notice of renewal was effective to renew the franchise agreement for an additional 20 years. We therefore reverse the judgment of the Court of Civil Appeals affirming the trial court’s ruling, and we remand this case for proceedings consistent with this opinion.”
(Emphasis added.)
Once this Court found the notice of renewal untimely in Ex parte Keelboat, the trial court’s rejection of Keelboat’s separate contention that C.O.W.’s notice of renewal was ineffective because C.O.W. did not pay 50% of a franchise-renewal fee became immaterial because untimeliness serves as an independent and sufficient basis to reject the renewal. In other words, C.O.W.’s notice of renewal could have been accompanied by a check for 10 times the amount of the franchise fee, and it would have been too late under Ex parte Keelboat.
In Lloyd Noland Foundation, Inc. v. HealthSouth Corp., 979 So.2d 784, 795-96 (Ala.2007), this Court stated:
“Collateral estoppel applies when (1) the issue in a prior case was identical to the issue being litigated in the present action, (2) the issue was actually litigated in the prior action by a court of competent jurisdiction, (3) resolution of that issue ivas necessary to the prior judgment, and (4) the same parties are involved in the two actions.”
(Emphasis added.) Therefore, even assuming that our disposition in Ex parte Keelboat did not have the effect of vacating all aspects of the judgment below, when this Court in Ex parte Keelboat held that the renewal notice was too late, the trial court’s holding as to the lack of consequence of failure to make the tender became unnecessary to the prior judgment, rendering the doctrine of collateral estop-pel unavailable.